UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTE E. HAHKA,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | No. CV 13-5676 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying her application for a period of disability and disability insurance benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the August 15, 2013 Case Management Order, on April 24, 2014, the parties filed a Joint Stipulation ("JS") detailing each party's arguments and authorities. The Court has reviewed the JS and the administrative record ("AR"), filed by defendant on April 7, 2014. For the reasons stated below, the decision of the Commissioner is reversed and the matter remanded for further proceedings.

/ / /

/ / /

/ / /

/ / /

## PROCEDURAL HISTORY

On September 29, 2009, plaintiff filed an application for a period of disability and disability insurance benefits. (AR 131-32.) The application was denied initially and upon reconsideration. (AR 64-67, 71-76.) Plaintiff requested a hearing before an administrative law judge ("ALJ"). (AR 77.) ALJ Mary L. Everstine held hearings on June 6, 2011 and September 19, 2011. (AR 32-53, 54-61.) Plaintiff appeared with counsel at both hearings and testified at the second hearing. (*Id.*) On October 18, 2011, the ALJ issued a decision denying benefits. (AR 8-25.) Plaintiff sought review of the decision before the Social Security Administration Appeals Council. (AR 7.) The Council denied the request for review on June 12, 2013. (AR 1-6.)

Plaintiff filed the complaint herein on August 6, 2013.

## ISSUES

Plaintiff raises a single issue:

1. Whether the ALJ properly assessed plaintiff's credibility with respect to the symptoms related to her left upper extremity lymphedema.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where

2

evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

Plaintiff suffers from lymphedema in her left arm.[1] (AR 15.) At the hearing in her case, plaintiff testified that her left arm was almost always swollen. (AR 46.) She wore a compression sleeve on her left arm to treat her lymphedema. (AR 37, 46-47.) She had to manually drain the arm every night. (AR 47.) Plaintiff could not lift a gallon of milk with her left arm, because doing so exacerbated the swelling. (*Id.*) At most, she could use her left arm to steady a heavy object, such as a gallon of milk, carried with her right arm. (AR 44.) She usually had other people, such as her children, lift and carry heavy objects for her. (*Id.*) Plaintiff could not reach behind herself with her left arm. (AR 38.) She compensated for her left arm's limited utility by overusing her right arm. As a result, she had pain in her right arm and elbow. (AR 37, 46.)

Plaintiff testified that she did bookwork and other clerical work for her husband's business. She did such work at home on her laptop, for an hour or so, on an irregular basis. (AR 35, 42-43.) She could drive and shop for groceries. (AR 35, 43.) However, she did very little work around the house. Her husband and children made their own beds and did their own laundry, and a live-in friend often helped with cooking and with the children. In addition, she had a twice-monthly gardener. (AR 43-44.) Similarly, in an October 2009 function report, plaintiff reported that she could shop, prepare simple meals, and wash dishes. However, she did such work on a very limited basis and had assistance from a housekeeper. (*See* AR 180-83.)

---

[1] Plaintiff asserts, and defendant does not dispute, that lymphedema is the abnormal build-up of fluid in soft tissue caused by a blockage in the lymphatic system after lymph nodes are removed or damaged. (JS 4; *see* JS 28-35.) It is a not-uncommon long-term complication of breast cancer treatment. (JS 5; *see* JS 28-35.)

In her decision, the ALJ found that plaintiff had the severe impairments of history of left breast cancer, status post mastectomy with residual lymphedema; and status post prophylactic mastectomy right breast. (AR 13.) The ALJ found, in pertinent part, that plaintiff had the residual functional capacity ("RFC") to perform light work, but was restricted to lifting and carrying 20 pounds occasionally and 10 pounds frequently with the dominant right arm; "left arm assist only"; and no overhead reaching with the left arm. (AR 16.) The ALJ concluded that with that RFC, and considering her vocational factors, plaintiff was able to work as an information clerk and parking attendant. (AR 20.) The ALJ found plaintiff not credible in her statements regarding her subjective symptoms. (AR 17.)

Plaintiff contends that the ALJ failed to provide legally sufficient reasons for finding her incredible as to the limiting effects of her lymphedema. The Court agrees. Once a claimant produces medical evidence of an underlying impairment that is reasonably likely to cause the alleged symptoms, medical findings are not required to support their alleged severity. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, an ALJ may reject a claimant's allegations upon: (1) finding evidence of malingering; or (2) providing clear and convincing reasons for so doing. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).

In the absence of evidence of malingering, an ALJ may consider, *inter alia*, inconsistencies in either the claimant's testimony or between the claimant's testimony and his conduct. The ALJ may also consider testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. § 404.1529(c); Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A.). The ALJ may also use "ordinary techniques of credibility evaluation." *Thomas*, 278 F.3d at 960. The ALJ's credibility determination is entitled to deference if his reasoning is supported by substantial evidence in the record and is "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on

permissible grounds and did not arbitrarily discredit a claimant's testimony . . . ." *Bunnell*, 947 F.2d at 345 (internal quotation marks omitted).

Here, the ALJ provided three grounds for finding plaintiff incredible:  (1) the medical evidence did not support plaintiff's allegations; (2) plaintiff's activities of daily living ("ADL") "appear[ed] to be inconsistent" with plaintiff's testimony; and (3) plaintiff performed unpaid work for her husband and temporary work as a music teacher. (AR 18.)  The ALJ also asserted that plaintiff's medical records did not clearly document a disability lasting the requisite 12-month durational period.[2] (AR 18.)  The Court finds these grounds are insufficient to discredit plaintiff's testimony regarding her lymphedema.

First, the ALJ did not specify which ADL were inconsistent with plaintiff's testimony regarding her lymphedema.  (*See* AR 18.)  Arguably, this omission alone renders plaintiff's ADL infirm as grounds for finding her incredible, as the Court is left guessing as to the ALJ's reasoning.  *See Bunnell*, 947 F.2d at 346 ( "A reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain"); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ may discredit claimant's allegations by citing ADL involving skills transferrable to workplace, "*upon making specific findings relating to those activities*" (emphasis added)).

Nor is it evident to the Court that the record reveals the inconsistency the ALJ cited.  Plaintiff claimed, in essence, that her lymphedema limited her ability to reach and carry with her left arm and indirectly resulted in pain in her right shoulder and elbow. Her testimony regarding her ADL was consistent with those claims.  She testified that she received ample assistance around the house, did not carry heavy objects with her left

---

[2] The ALJ further stated that plaintiff's "additional reported activities" were inconsistent with plaintiff's testimony.  (AR 18.)  This statement appears to be an editing error, as no additional activities are discussed or cited.  (*See id.*)

5

arm, and performed only occasional work for her husband. She made similar statements in the October 2009 function report.

Moreover, there is no evidence that she engaged in the ADL at issue to a degree that would translate to a workplace setting. Therefore, contrary to defendant's assertion (JS 33-34), the fact that plaintiff could perform *some* ADL, such as washing dishes, does not undermine her claims. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (daily activities such as grocery shopping, driving, or walking for exercise do not undermine subjective claims unless activities consume "*substantial part*" of day (emphasis in original)). Thus, plaintiff's ADL are not a clear and convincing reason to reject her lymphedema testimony.

Second, there is no indication that plaintiff's work for her husband involved reaching or carrying with her left arm, or that it required significant use of her right shoulder and elbow. Neither the ALJ nor defendant points to evidence to counter plaintiff's testimony that the work was irregular, performed from home, and involved mainly (or entirely) working on her laptop. Defendant nonetheless insists that plaintiff's work for her husband is "relevant" to her credibility (JS 34), but relevance is not the standard. It must be a *convincing* reason to doubt her claimed limitations, *Benton*, 331 F.3d at 1040, and it is not. As to plaintiff's temporary music teacher work, defendant concedes that it is irrelevant, as there is no evidence that it occurred after plaintiff's mastectomy. (JS 34.) Accordingly, plaintiff's work is an improper ground for finding her incredible.

Third, an ALJ may not reject subjective symptom testimony solely because there is no objective medical evidence showing that the impairment can reasonably produce the degree of symptom alleged. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Thus, the alleged lack of objective medical evidence fails as a ground for finding plaintiff incredible, as the ALJ's other, non-medical reasons are invalid. In addition, it is not clear from the ALJ's decision *how* the medical evidence weakens plaintiff's subjective claims. (*See* AR 19.) In her general discussion of the medical evidence (AR

17), the ALJ noted only that plaintiff's lymphedema first appeared in July 2009, had lessened by August 2009, and was "controlled" by radiation and a compression sleeve by October 2009. (AR 17; *see* AR 423, 440, 442-43.) By November 2009, the ALJ asserted, the lymphedema "was present in the left arm only." (AR 17.)

The ALJ may have meant that because plaintiff's lymphedema was under control after a few months, it did not meet the Social Security Act's 12-month duration requirement. (*See* AR 18; *see also* 20 C.F.R. § 404.1509 (impairment "must have lasted or must be expected to last for a continuous period of at least 12 months").) In fact, the medical record suggests that plaintiff's lymphedema was present before July 2009 and persisted after November 2009. (*See* AR 300 (in April 2009 lymphedema evaluation, noting swelling in left upper arm); *see also* AR 334 (noting that plaintiff's lymphedema pre-dated radiation therapy, which began in August 2009); AR 551 (in December 2009, noting that plaintiff complained of lymphedema; observing edema in plaintiff's left upper arm).) Moreover, the ALJ cited "residual lymphedema" as an aspect of plaintiff's severe impairments and assigned some limitations bearing on her left arm. These actions suggest that the ALJ accepted plaintiff's claim that her lymphedema lasted well beyond November 2009.

Furthermore, the records the ALJ cited reflect, at most, that the compression sleeve helped with the swelling. The sleeve did not eliminate the swelling entirely; plaintiff still had to manually drain her arm. (*See* AR 423 (in November 2009, noting after her reconstruction surgery that plaintiff required manual lymphatic drainage ("MLD")), 422 (same).) Accordingly, the objective medical evidence does not undermine plaintiff's subjective lymphedema claims.

Defendant contends that the RFC the ALJ assigned is consistent with plaintiff's testimony. (JS 35.) That is, although the ALJ found that plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently, she restricted plaintiff to using her left arm only to assist her right arm. (*Id.*) Defendant's argument is unavailing. Although plaintiff testified that she could use her left arm to steady a gallon of milk in her right

arm, a gallon of milk weighs less than 10 pounds and significantly less than 20 pounds.[3] Thus, plaintiff's testimony is not consistent with the limitations the ALJ assigned.

In sum, the ALJ failed to provide legally sufficient reasons for finding plaintiff incredible with respect to her testimony regarding the limiting effects of her left arm lymphedema. Remand on this claim is therefore warranted.

## ORDER

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). A remand for an award of benefits is appropriate if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if such evidence were credited. *Id.*

---

[3] The parties agree that a gallon of milk weighs approximately eight pounds. (*See* JS 35, 38.)

8

1  Here, there is no testimony from the vocational expert regarding the effect of
2 plaintiff's claimed limitations on her ability to work. (*See* AR 49-52.) Accordingly, this
3 action is remanded to the Commissioner of Social Security for further proceedings
4 consistent with this decision. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).
5  IT IS SO ORDERED.

7 DATED: December 15, 2014

                                              /S/ FREDERICK F. MUMM
                                               FREDERICK F. MUMM
                                               United States Magistrate Judge